Filed: August 11, 2000

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 99-1275
(CA-90-140-H, et al.)

_____

James R. Aldridge, Sr., et al.,

Plaintiffs - Appellants,

versus

Goodyear Tire & Rubber Company, etc.,

Defendant - Appellee.

_____

O R D E R

_____

The court amends its opinion filed July 27, 2000, as follows:

On page 5, section 2, line 3 -- the judge's name is corrected to read "Alexander Harvey II."

For the Court - By Direction

/s/ Patricia S. Connor
                Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES R. ALDRIDGE, SR.; MARGARET
ALDRIDGE; HARRY W. ATKINSON;
LOIS V. ATKINSON; WESLEY B.
BARTLETT; ANNA M. BARTLETT;
LEONARD BEARD, SR.; THERESA
BEARD; CARROLL E. BROADWATER;
MARLENE BROADWATER; THOMAS
HENRY BROWN; BETTY LOU BROWN;
ESTON C. CHAMP; PAUL H. CORDIAL;
EARLENE L. CORDIAL; STANLEY W.
CORLEY; C. LOUISE CORLEY; DONALD
A. D'ATRI; SHIRLEY D'ATRI; JEAN C.
GLASS; RAYMOND L. HAINES; MARY
CATHERINE HAINES; ERNEST M. HOLT;
ANNA MYRTLE HOLT; JUNIOR A.
HOTT; ROXALYN HOTT; CAROL G.

HUFFMAN; ROBERT M. ISER; WANDA             No. 99-1275
L. ISER; DONALD JOHNSON; MARY
ELLEN JOHNSON; DONALD LARKE;
JUDY LARKE; IRVIN E. LOWERY; ADA
L. LOWERY; WILLIAM R. MCCOY;
LOUISE T. MCCOY; GEORGE V.
MCKENZIE; DOROTHY E. MCKENZIE;
WILLIAM J. MCKENZIE; MARTHA
MCKENZIE; JAMES B. MILLS; ANN
LOUISE MILLS; ROBERT MITTER;
MARY LOUISE MITTER; JOHN E.
MONAHAN; M. CAROLYN MONAHAN;
RUSSELL C. MORGAN; LOUISE
MORGAN; ARTHUR L. NEDER; JUNE E.
NEDER; EDITH G. NORRIS,
individually and in her capacity

as personal representative of the estate of the deceased, David P. Norris; JACK E. RITCHEY; HELEN J. RITCHEY; PAUL A. SHOOK; GENEVIEVE E. SHOOK; GERALD D. SIMMONS; BARBARA SIMMONS; WILLIAM R. SPENCER; ELVA P. SPENCER; JOSEPH R. TAYLOR; ANNA K. TAYLOR; RICHARD F. WEESE; HAZEL M. WEESE; RAYMOND E. VINCI; SHIRLEY R. VINCI; EARL A. WINTERS; BETTY M. WINTERS; WILLIAM P. ZIMMERMAN; PHYLLIS ZIMMERMAN; ROBERT W. HAISLIP, as Personal Representative of the estate of his father Robert W. Haislip; NELLIE MAE MILLER; BARBARA A. FRIDINGER, in her capacity as personal representative of the estate of the deceased, Percy R. Miller; RONALD E. PORTER; RUTH M. DAY; PHYLLIS R. FROST, in her capacity as personal representative of the estate of Frank C. Day, deceased; MARY S. LANGHAM, individually and in her capacity as personal representative of the estate of George E. Langham, deceased; ELMER L. KROLL; DORIS R. KROLL; PRISCILLA TETER, individually and in her capacity as personal representative of the deceased, Brook Teter; MURIEL R. SCHRAMM, individually and in her capacity as personal representative of the estate of Calvin C. Schramm; JESSIE SIMMONS, individually and

2

in her capacity as personal representative of the estate of the deceased, Leonard T. Simmons; KATHLEEN S. SIRBAUGH, in her capacity as personal representative of the estate of Arlan Eugene Sirbaugh, deceased; JACOB LOAR; SARAH J. LOAR; HARRY F. PIPER; GENEVIEVE PIPER; LEROY ROBERTSON; ETHEL H. ROBERTSON; ALBERT D. STEWART; BETTY STEWART; LOIS SCHADT; MILFORD G. WILSON; DOROTHY M. WILSON; EVELYN V. BUSER, individually and in her capacity as personal representative of the estate of Theodore U. Buser, deceased; VIOLET G. GRAY, individually and in her capacity as personal representative of the estate of Richard R. Gray, deceased; YOLAND T. TACCINO; THOMAS RODGER TACCINO, personal representative of the estate of Edmund Joseph Taccino, deceased; ANNA M. COLE, personal representative of the estate of Charles B. Cole, deceased; MARY KATHLEEN JENKINS, individually and in her capacity as personal representative of the estate of Richard Toll Jenkins, deceased; JEREMY EDWARD, surviving minor grandchild of Richard Toll Jenkins, deceased to the use of

Mary Kathleen Jenkins, surviving spouse of Richard Toll Jenkins, deceased; DONALD J. FOLK; ARTHUR C. TICHNELL; CARRIE A. TICHNELL; WANEDA C. BRIDGES, individually and in her capacity as personal representative of the estate of Nevin H. Bridges, deceased; GILBERT L. ZIMMERMAN; REBECCA ZIMMERMAN; LEROY E. GROSS; CAROL M. GROSS; LEONARD D. WHITE; GLADYS FAY WHITE; EUGENE L. ZIMMERMAN, JR.; PHYLLIS M. ZIMMERMAN; WEBSTER BRUCE LONG, III; LEONA PHARES LONG; LOUIS E. SCHADT, JR.; TERRY TRESSLER; MARGARET TRESSLER, as Personal Representatives of the estate of Robert C. Huffman; RAYMOND L. CHAMP, as personal representative of the estate of Elsie Champ, deceased; CAROLYN A. WAGNER, as personal representative of the estate of Richard H. Glass, deceased; JEANE R. KENNELL, as personal representative of the estate of Richard H. Glass, deceased; LOIS J. SCHADT, as personal representative of the estate of Louis E. Schadt, deceased; CYNTHIA JANE COLLINS, as Personal Representative of the estates of Betty H. Stewart and Albert D. Stewart; VICKIE A. HEBB,

4

as Personal Representative of the
estates of Betty H. Stewart and
Albert D. Stewart,
Plaintiffs-Appellants,

and

DAVID P. NORRIS; PERCY MILLER,
Plaintiffs,

v.

GOODYEAR TIRE & RUBBER COMPANY,
INCORPORATED, an Ohio Corporation,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-90-140-H, CA-90-141-S, CA-90-142-K, CA-90-143-HAR,
CA-90-145, CA-90-146, CA-90-147-S, CA-90-148-HAR,
CA-90-149-MJG, CA-90-150, CA-90-151-MJG, CA-90-152-H,
CA-90-153-S, CA-90-154-S, CA-90-155-HAR, CA-90-156-MJG,
CA-90-157, CA-90-158-S, CA-90-159-S, CA-90-160-HAR,
CA-90-161-HAR, CA-90-162-S, CA-90-163, CA-90-164-H,
CA-90-165-S, CA-90-166-K, CA-90-167-HAR, CA-90-168-MJG,
CA-90-169, CA-90-170, CA-90-171-S, CA-90-172-HAR,
CA-90-173-MJG, CA-90-174, CA-90-175-S, CA-90-176-H,
CA-90-177-S, CA-90-178-K, CA-90-179-MJG, CA-90-180-MJG,
CA-90-181-S, CA-90-182-K, CA-90-809, CA-90-887-MJG,
CA-90-2331-WN, CA-90-2339-WN, CA-91-953-HAR,
CA-91-3369, CA-91-3370, CA-91-3371, CA-91-3372, CA-91-3373,
CA-91-3374, CA-91-3375, CA-91-3376, CA-91-3377, CA-91-3378,
CA-91-3379, CA-92-3679, CA-92-3680, CA-92-3681, CA-92-3682,
CA-95-1910-MJG, CA-95-1988, CA-95-1989)

Argued: June 7, 2000

Decided: July 27, 2000

Before MURNAGHAN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Luttig wrote the opinion, in which Judge Murnaghan and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Geurdon Macy Nelson, Towson, Maryland, for Appellants. Joseph Carlton Wich, Jr., VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland, for Appellee. **ON BRIEF:** James K. Archibald, Geoffrey R. Garinther, VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland, for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

Plaintiffs sued Goodyear Tire & Rubber Co., Inc. ("Goodyear") for allegedly causing their various occupational diseases. The district court granted Goodyear's motion for summary judgment on the ground that plaintiffs could not show causation. Because we conclude that the district court should reconsider whether the plaintiffs are entitled to limited discovery, we vacate the district court's order and remand the case to that court for further proceedings.

I.

Sixty-six former employees ("Workers") of Kelly-Springfield Tire Co. ("Kelly") sued Goodyear under various theories of tort for occupational diseases contracted by them while they worked at Kelly. The Workers claim that the chemicals supplied by Goodyear to Kelly caused their diseases, and that Goodyear undertook the obligation to insure Kelly's "industrial hygiene" (workplace safety), and was therefore responsible for their diseases caused by the mishandling of all of Kelly's chemicals.

6

This is the fourth consolidated case of former Kelly employees suing Goodyear under similar tort theories. First, in Heinrich v. Goodyear Tire & Rubber Co., 532 F. Supp. 1348 (D. Md. 1982), the parties settled after they had engaged in extensive discovery. Second, in McClelland v. Goodyear Tire & Rubber Co. (McClelland I), 735 F. Supp. 172 (D. Md. 1990), the district court granted Goodyear's motion for summary judgment on the ground that plaintiffs could not prove causation by a preponderance of the evidence. Third, in Jewell v. Goodyear Tire & Rubber Co., No. S-89-3235 (D. Md. 1990), the district court granted Goodyear's motion for summary judgment on the same ground as in McClelland I. This court affirmed Jewell and McClelland. See McClelland v. Goodyear Tire & Rubber Co., 929 F.2d 693 (4th Cir. 1991) (unpublished).

In 1997, the district court granted Goodyear's motion for summary judgment in this case on the ground that Goodyear was an employer of the Workers for purposes of Maryland workers' compensation law, and that therefore workers' compensation law provided the exclusive remedy, and Goodyear could not be sued in a tort action. See Aldridge v. Goodyear Tire & Rubber Co., No. H90-140 (D. Md. Mar. 5, 1997). This court vacated the district court's opinion in light of an intervening Maryland Court of Appeals opinion that indicated that Goodyear was not an employer under Maryland law. See Aldridge v. Goodyear Tire & Rubber Co., 145 F.3d 1323 (4th Cir. 1998) (unpublished).

On remand, the district court granted Goodyear's motion for summary judgment on the alternative ground that the Workers had failed to show causation. See Aldridge v. Goodyear Tire & Rubber Co., 34 F. Supp. 2d 1010 (D. Md. 1999). The Workers appeal.

II.

The Workers argue that the district court erred when it did not permit them, on remand, to engage in any discovery at all before the hearing on Goodyear's motion for summary judgment.

When the district court granted Goodyear's motion for summary judgment, it explained that it would not permit the Workers to undertake "additional discovery" in this case because (1) the Heinrich discovery, which included the depositions of Kelly and Goodyear

7

personnel, was available to the Workers; (2) the <u>McClelland I</u> discovery was available to the Workers; and (3) no new or relevant evidence could be expected to be obtained which would support the Workers' theories of causation. <u>See Aldridge</u>, 34 F. Supp. 2d at 1020-21.

Because these particular employees have never been permitted to conduct their own discovery, we remand to the district court to reconsider its denial of discovery to the Workers. It may well be that the district court was fully justified in denying further discovery altogether. However, on the record before this court it is unclear whether the documents heretofore produced in the combined litigations are fully responsive to all of the individual requests by these plaintiffs. Given this uncertainty, we believe it is most appropriate that the case be remanded to the district court with instructions that it provide the Workers a limited opportunity for discovery so that they may seek those documents and information, and only those documents and information, responsive to their requests that have not previously been disclosed in one or the other of the litigations.

In remanding the case, we do not intend to imply that the Workers are entitled to duplicative discovery. In fact, we anticipate that any permitted discovery will be quite limited. Without attempting in any way to limit the district court's prerogative to supervise discovery, we would expect that the Workers would be required to identify very specifically that very small amount of information that they believe might exist and that Goodyear would be required to respond only to that limited discovery request. Following that circumscribed discovery, we believe that the district court will be in a position to better assess whether summary judgment is appropriate, and this court in a better position, likewise, to review the district court's conclusion.

<u>VACATED AND REMANDED</u>