**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES R. ALDRIDGE, SR.; MARGARET
ALDRIDGE; HARRY W. ATKINSON;
LOIS V. ATKINSON; WESLEY B.
BARTLETT; ANNA M. BARTLETT;
LEONARD BEARD, SR.; THERESA
BEARD; CARROLL E. BROADWATER;
MARLENE BROADWATER; THOMAS
HENRY BROWN; BETTYLOU BROWN;
ESTON C. CHAMP; PAUL H. CORDIAL;
EARLENE L. CORDIAL; STANLEY W.
CORLEY; C. LOUISE CORLEY; DONALD
A. D'ATRI; SHIRLEY D'ATRI; JEAN C.
GLASS; RAYMOND L. HAINES; MARY
CATHERINE HAINES; ERNEST M. HOLT;
ANNA MYRTLE HOLT; JUNIOR A.
HOTT; ROXALYN HOTT; CAROL G.
HUFFMAN; ROBERT M. ISER; WANDA
L. ISER; DONALD JOHNSON; MARY
ELLEN JOHNSON; DONALD LARKE;
JUDY LARKE; IRVIN E. LOWERY; ADA
L. LOWERY; WILLIAM R. MCCOY;
LOUISE T. MCCOY; GEORGE V.
MCKENZIE; DOROTHY E. MCKENZIE;
WILLIAM J. MCKENZIE; MARTHA
MCKENZIE; JAMES B. MILLS; ANN
LOUISE MILLS; ROBERT MITTER;
MARY LOUISE MITTER; JOHN E.
MONAHAN; M. CAROLYN MONAHAN;
RUSSELL C. MORGAN; LOUISE
MORGAN; ARTHUR L. NEDER;

No. 00-2588

JUNE E. NEDER; EDITH G. NORRIS, individually and in her capacity as personal representative of the estate of the deceased, David P. Norris; JACK E. RITCHEY; HELEN J. RITCHEY; PAUL A. SHOOK; GENEVIEVE E. SHOOK; GERALD D. SIMMONS; BARBARA SIMMONS; WILLIAM R. SPENCER; ELVA P. SPENCER; JOSEPH R. TAYLOR; ANNA K. TAYLOR; RICHARD F. WEESE; HAZEL M. WEESE; RAYMOND E. VINCI; SHIRLEY R. VINCI; EARL A. WINTERS; BETTY M. WINTERS; WILLIAM P. ZIMMERMAN; PHYLLIS ZIMMERMAN; ROBERT W. HAISLIP, as Personal Representative of the estate of his father Robert W. Haislip; NELLIE MAE MILLER; BARBARA A. FRIDINGER, in her capacity as personal representative of the estate of the deceased, Percy R. Miller; RONALD E. PORTER; RUTH M. DAY; PHYLLIS R. FROST, in her capacity as personal representative of the estate of Frank C. Day, deceased; MARY S. LANGHAM, individually and in her capacity as personal representative of the estate of George E. Langham, deceased; ELMER L. KROLL; DORIS R. KROLL; PRISCILLA TETER, individually and in her capacity as personal representative of the deceased, Brook Teter;

MURIEL R. SCHRAMM, individually and in her capacity as personal representative of the estate of Calvin C. Schramm; JESSIE SIMMONS, individually and in her capacity as personal representative of the estate of the deceased, Leonard T. Simmons; KATHLEEN S. SIRBAUGH, in her capacity as personal representative of the estate of Arlan Eugene Sirbaugh, deceased; JACOB LOAR; SARAH J. LOAR; HARRY F. PIPER; GENEVIEVE PIPER; LEROY ROBERTSON; ETHEL H. ROBERTSON; ALBERT D. STEWART; BETTY STEWART; LOIS SCHADT; MILFORD G. WILSON; DOROTHY M. WILSON; EVELYN V. BUSER, individually and in her capacity as personal representative of the estate of Theodore U. Buser, deceased; VIOLET G. GRAY, individually and in her capacity as personal representative of the estate of Richard R. Gray, deceased; YOLAND T. TACCINO; THOMAS RODGER TACCINO, personal representative of the estate of Edmund Joseph Taccino, deceased; ANNA M. COLE, personal representative of the estate of Charles B. Cole, deceased;

MARY KATHLEEN JENKINS, individually and in her capacity as personal representative of the estate of Richard Toll Jenkins, deceased; JEREMY EDWARD, surviving minor grandchild of Richard Toll Jenkins, deceased to the use of Mary Kathleen Jenkins, surviving spouse of Richard Toll Jenkins, deceased; DONALD J. FOLK; ARTHUR C. TICHNELL; CARRIE A. TICHNELL; WANEDA C. BRIDGES, individually and in her capacity as personal representative of the estate of Nevin H. Bridges, deceased; GILBERT L. ZIMMERMAN; REBECCA ZIMMERMAN; LEROY E. GROSS; CAROL M. GROSS; LEONARD D. WHITE; GLADYS FAY WHITE; EUGENE L. ZIMMERMAN, JR.; PHYLLIS M. ZIMMERMAN; WEBSTER BRUCE LONG, III; LEONA PHARES LONG; LOUIS E. SCHADT, JR.; TERRY TRESSLER; MARGARET TRESSLER, as Personal Representatives of the estate of Robert C. Huffman; RAYMOND L. CHAMP, as personal representative of the estate of Elsie Champ, deceased; CAROLYN A. WAGNER, as personal representative of the estate of Richard H. Glass, deceased; JEANE R. KENNELL, as personal representative of the estate of Richard H. Glass, deceased; LOIS J. SCHADT, as personal representative of the estate of Louis E. Schadt, deceased; CYNTHIA JANE COLLINS,

as Personal Representative of the
estates of Betty H. Stewart and
Albert D. Stewart; VICKIE A. HEBB,
as Personal Representative of the
estates of Betty H. Stewart and
Albert D. Stewart,
                    *Plaintiffs-Appellants,*

                    and

DAVID P. NORRIS; PERCY MILLER,
                    *Plaintiffs,*

                    v.

GOODYEAR TIRE & RUBBER COMPANY,
INCORPORATED, an Ohio Corporation,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-90-140-H, CA-90-141-S, CA-90-142-K, CA-90-143-HAR,
CA-90-145, CA-90-146, CA-90-147-S, CA-90-148-HAR,
CA-90-149-MJG, CA-90-150, CA-90-151-MJG, CA-90-152-H,
CA-90-153-S, CA-90-154-S, CA-90-155-HAR, CA-90-156-MJG,
CA-90-157, CA-90-158-S, CA-90-159-S, CA-90-160-S,
CA-90-161-HAR, CA-90-162-S, CA-90-163, CA-90-164-H,
CA-90-165-S, CA-90-166-K, CA-90-167-HAR, CA-90-168-MJG,
CA-90-169, CA-90-170, CA-90-171-S, CA-90-172-HAR,
CA-90-173-MJG, CA-90-174, CA-90-175-S, CA-90-176-H,
CA-90-177-S, CA-90-178-K, CA-90-179-MJG, CA-90-180-MJG,
CA-90-181-S, CA-90-182-K, CA-90-809, CA-90-887-MJG,
CA-90-2331-WN, CA-90-2339-WN, CA-91-953-HAR,
CA-91-3369, CA-91-3370, CA-91-3371, CA-91-3372, CA-91-3373,
CA-91-3374, CA-91-3375, CA-91-3376, CA-91-3377, CA-91-3378,
CA-91-3379, CA-92-3679, CA-92-3680, CA-92-3681, CA-92-3682,
CA-95-1910-MJG, CA-95-1988, CA-95-1989, CA-96-1990)

Argued: January 23, 2002

Decided: March 5, 2002

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Henry Eigles, Columbia, Maryland, for Appellants. Joseph Carlton Wich, Jr., VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland, for Appellee. **ON BRIEF:** Sylvan H. Sack, Baltimore, Maryland, for Appellants. James K. Archibald, Mitchell Y. Mirviss, VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants are former employees of Kelly-Springfield Tire Company who allege that they became ill from exposure to toxic chemicals that Goodyear supplied to Kelly-Springfield. In three prior lawsuits, other groups of former Kelly-Springfield workers brought similar claims against Goodyear. *See Heinrich* v. *Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348 (D. Md. 1982); *McClelland* v. *Goodyear Tire & Rubber Co.*, 735 F. Supp. 172 (D. Md. 1990); *Jewell* v. *Goodyear Tire & Rubber Co.*, Civ. No. S-89-3235. *Heinrich* settled, but Goodyear prevailed on summary judgment in *McClelland* and

*Jewell* because the plaintiffs were unable to show proximate causation. This Court affirmed both *McClelland* and *Jewell* on appeal.

In this litigation, the district court likewise found that plaintiffs failed to show sufficient evidence of proximate causation and granted summary judgment to Goodyear. *See Aldridge* v. *Goodyear Tire & Rubber Co.*, 34 F. Supp. 2d 1010, 1017 (D. Md. 1999) (*Aldridge III*). Goodyear supplied only ten percent of the potentially hazardous chemicals to which plaintiffs were exposed. *Id.* at 1017. Moreover, plaintiffs failed to produce evidence that a "particular, identifiable chemical supplied by Goodyear" was a legal cause of their injuries." *Id.* at 1019. Finally, the district court rejected the affidavits of plaintiffs' expert witnesses as too vague and conclusory, lacking reliance on scientific research or literature, and as failing to address possible alternative causes of plaintiffs' illnesses. *Id.* at 1024. The district court, however, did not permit the *Aldridge* plaintiffs *any* discovery, but relied on the discovery produced in the previous litigation against Goodyear.

This court vacated the district court's summary judgment order and remanded "with instructions [to] provide the Workers a *limited* opportunity for discovery so that they may seek those documents and information and *only* those documents and information, responsive to their requests that have *not previously been disclosed* in one or the other of the litigations." *Aldridge* v. *Goodyear Tire & Rubber Co.*, 223 F.3d 263, 266 (4th Cir. 2000) (*Aldridge IV*) (emphasis added).

On remand, the district court held that the employees were *still* not entitled to any discovery. *See Aldridge* v. *Goodyear Tire & Rubber Co.*, 198 F.R.D. 72 (D. Md. 2000) (*Aldridge V*, the decision from which appellants appeal). The district court noted that plaintiffs failed to identify "very specifically that very small amount of information that they believe might exist," as we stated in *Aldridge IV*. *Id.* at 76. Moreover, the discovery requested by plaintiffs either: 1) was duplicative, 2) had never been presented as a request to the district court before, or 3) had no relevance to the critical issue of causation. *Id.*

In March of 1997, in response to Goodyear's initial motion for summary judgment, the plaintiffs had submitted six affidavits under Rule 56(f) requesting further discovery. In *Aldridge V*, the district

court refused to consider any new requests for discovery, and considered only the discovery requests "previously made" in plaintiffs' six Rule 56(f) affidavits. *See* 198 F.R.D. at 78. The district court concluded that four of the six affidavits requested information available in the discovery undertaken in *Heinrich* and *McClelland*. *Id*. at 78-79. As to the fifth and sixth affidavits, the district noted "five possible areas" that may relate to discovery not previously available to plaintiffs, but ultimately concluded that none of these areas was relevant to the dispositive issue of causation. *Id*. at 79-81. Accordingly, the district court denied further discovery and reinstated its grant of summary judgment from *Aldridge III*.

Having had the benefit of oral argument and the parties' briefs, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*